UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HARDY,

    Plaintiff,

                                      Case No. 10-14446

v.

                                      Hon. John Corbett O'Meara

MICHIGAN PAROLE BOARD, *et al.*,

    Defendants.
_____/

**ORDER GRANTING APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

Plaintiff Gregory Hardy, a former prisoner appearing pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against the Michigan Parole Board and three of its members: James Atterberry, John S. Rubitschun, and Barbara S. Sampson. Plaintiff also filed an application to proceed *in forma pauperis*. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. See 28 U.S.C. § 1915(a); Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff contends that his constitutional rights were violated as a result of inaccurate information in his parole file, which he alleges resulted in the Michigan Parole Board denying him parole. Although Plaintiff was released from prison in 2010, he contends that if the

information in his file was correct, he would have been released years earlier.

Both the Michigan Parole Board and the individual parole board members are immune from suit, however.  The Michigan Parole Board is part of the Michigan Department of Corrections.  States and their departments are immune from suit in federal court under the Eleventh Amendment to the Constitution.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-101 (1984); O'Hara v. Wigginton, 24 F.3d 823, 826 (6th Cir. 1994).  The Sixth Circuit has specifically held that the Michigan Parole Board is immune from suit in federal court.  See Fleming v. Martin, 24 Fed. App x. 258, 259 (6th Cir. 2001).  The individual parole board members are likewise absolutely immune "from damages liability for actions taken in the performance of their duties regarding the decision to grant or deny parole because that task is functionally comparable to that of a judge."  Buckines v. Michigan Parole Board, 2008 WL 696438 (W.D. Mich. Mar. 12, 2008).  Accord Fleming, 24 Fed. Appx. at 259.

In addition, Plaintiff's complaint fails to state a claim upon which relief can be granted.  See Buckines, 2008 WL 696438 at *5 ("Plaintiff claims that the parole board relied upon false information in denying his parole.  Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole."); Caldwell v. McNutt, 158 Fed. Appx. 739, 741 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution.").

Therefore, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED.

The court further determines that there is no good faith basis to appeal within the meaning of 28 U.S.C. § 1915(a)(3).  See Fleming, 24 Fed. Appx. at 259 (suit against parole board and board members "lacked an arguable basis in law and was frivolous because none of the defendants are subject to suit").

SO ORDERED.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  May 11, 2011

I hereby certify that a copy of the foregoing document was served upon Plaintiff on this date, May 11, 2011, at 440 N. Church Street, Kalamazoo, MI 49007 by first-class U.S. mail.

                                            s/William Barkholz
                                            Case Manager